IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

**FILED IN OFFICE**

**MAR 21 2011**

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| HILDA HANKERSON | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 2011CV198093 |
| v. | ) | |
| | ) | |
| IBM LENDER BUSINESS PROCESS | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR WRONGFUL FORECLOSURE

COMES NOW, HILDA HANKERSON (hereinafter "Plaintiff") and files this Complaint and Emergency Motion against IBM LENDER BUSINESS PROCESS SERVICES, INC., (hereinafter "IBM") and shows this Honorable Court the following:

### FACTS

1.

Plaintiffs lives in and owns property located at 1915 Enon Pines Drive, Atlanta, Georgia 30331 (the "Property").

2.

Defendant IBM LENDER BUSINESS PROCESS SERVICES, INC. is an Oregon Corporation doing business in Georgia and can be served through its registered agent CT CORPORATION SYSTEM, 1201 PEACHTREE STREET, NE, ATLANTA, GEORGIA 30361.

3.

Plaintiff's servicer changed from Chase Home Loans to IBM and Plaintiff submitted her financials to IBM and was advised that the loan is under review for a loan modification in August 2010. Plaintiff called 3-4 times each month and was told that IBM was reviewing her loan for a loan modification and she needed to re-fax some document that she had already previously sent numerous times before. Finally, someone came to Plaintiff's door and advised her that her home had been foreclosed upon in February 2011.

4.

Plaintiff never received proper notice under O.C.G.A. § 44-14-162 et. seq. Plaintiff was never provided with a reinstatement figure or final loan modification documents.

## COUNT I
## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

5.

Plaintiff hereby incorporates as if specifically set out verbatim paragraphs 1-4 of this complaint in its entirety.

6.

Plaintiff is likely to prevail on the merits. Defendant IBM failed to properly notify Plaintiff of the foreclosure.

7.

Plaintiff will suffer irreparable injury if the injunction is not granted. Plaintiff's Property may have been foreclosed upon, and if that is the case, Plaintiff will lose ownership of the Property.

8.

The threatened injury to Plaintiff outweighs the threatened harm the injunction may do to Defendant IBM, as IBM will not be prejudiced by setting aside the foreclosure proceedings.

9.

Plaintiff seeks a temporary restraining order against Defendant IBM in this court because it is not possessed of an adequate and complete remedy at law.

10.

Plaintiff is legally and equitably entitled to temporarily enjoin and restrain Defendant IBM from foreclosing on Plaintiff's Property or in the alternative, setting aside the foreclosure sale.

## COUNT II
## WRONGFUL FORECLOSURE

11.

All previous paragraphs are incorporated as if set forth verbatim herein.

12.

As previously stated in paragraph 3 of this Complaint, Defendant IBM represented to Plaintiff that she was being reviewed for a loan modification and that her home was not going to be foreclosed upon.   At no time did Defendant IBM inform Plaintiff that the status had changed.  Defendant IBM has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

Consequently, pursuant to O.C.G.A. § 13-6-11, Plaintiff should be paid her expenses of litigation, including attorney's fees in an amount to be determined at trial.

## COUNT III
## BREACH OF CONTRACT

### 13.

All previous paragraphs are incorporated as if set forth verbatim herein.

### 14.

Plaintiff, under the terms of the security deed had the right to reinstate her loan prior to foreclosure.

### 15.

IBM failed to provide Plaintiff with an opportunity to reinstate the loan.

### 16.

IBM never provided Plaintiff with a reinstatement amount.

### 17.

As a result of the failure of IBM to perform the terms, conditions, and obligations under the Security Deed, Plaintiff has suffered substantial damages to be determined at trial.

## COUNT IV
## EMOTIONAL DISTRESS

### 18.

All previous paragraphs are incorporated as if set forth verbatim herein.

### 19.

Plaintiff has suffered mental anguish and emotional distress as a result of Defendant's failure to disclose the true status of her account.

20.

Plaintiff's injuries and other consequential damages were proximately caused by Defendant's negligent or intentional acts and/or omissions.

21.

The intentional misrepresentation and subsequent foreclosure was the actual and proximate cause of Plaintiff's damages.

22.

Plaintiff has been damaged in an amount to be determined at trial.

## COUNT V
## FRAUD

23.

All previous paragraphs are incorporated as if set forth verbatim herein.

24.

In the IBM statements to Plaintiff prior to and after the alleged foreclosure, they represented that they would not foreclose on Plaintiff's Property because Plaintiff was still being considered for a loan modification.

25.

Plaintiff justifiably relied upon the statements of IBM to her detriment.

26.

Plaintiff incurred significant damages as a result of IBM's fraudulent misrepresentations in an amount to be determined at trial.

27.

All conditions precedent to the bringing of the cause of action stated in this count have been satisfied, excused or waived.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

28.

All previous paragraphs are incorporated as if set forth verbatim herein.

29.

IBM failed to act reasonably in disclosing the true status of Plaintiff's account or of their intentions to foreclose.

30.

Plaintiff sustained damages based upon his justifiable reliance of the information supplied or communicated by IBM.

31.

Plaintiff's injuries and other consequential damages were proximately caused by IBM's negligent misrepresentation to her.

32.

Plaintiff has been damaged in an amount to be determined at trial.

## COUNT VII
## BREACH OF GOOD FAITH AND FAIR DEALING

33.

All previous paragraphs are incorporated as if set forth verbatim herein.

34.

IBM had a duty to deal with Plaintiff in good faith and act reasonably.

35.

IBM have breached their contractual duty of good faith and fair dealing specifically in submitting the Property to be foreclosed upon while advising Plaintiff that it would not foreclose on the Property.

36.

Plaintiff's injuries and other consequential damages were proximately caused by IBM acts and/or omissions.

37.

Plaintiff has been damaged in an amount to be determined at trial.

## COUNT VIII
## PUNITIVE DAMAGES

38.

All previous paragraphs are incorporated as if set forth verbatim herein.

39.

Plaintiff is entitled to recover punitive damages against Defendant to the extent Defendant's acts and/or omissions have been intentional, willful, and with an entire want of care demonstrating a conscious indifference to the consequences.

40.

Plaintiff is entitled to recover punitive damages against the Defendant in an amount to be determined at trial.

## COUNT IX
## ATTORNEY'S FEES

41.

All previous paragraphs are incorporated as if set forth verbatim herein.

42.

IBM has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense. Consequently, pursuant to O.C.G.A. § 13-6-11, Plaintiff should be paid her expenses of litigation, including attorney's fees in an amount to be determined at trial.

**WHEREFORE, Plaintiff prays as follows:**

(a) That a rule Nisi issue ordering that Defendant appear and show cause why the temporary relief demanded in Plaintiff's Complaint and Emergency Motion for Temporary Restraining Order should not be granted;

(b) That the Plaintiff receive an Emergency Temporary Restraining Order against Defendant pursuant to this Complaint setting aside the foreclosure of Plaintiff's Property;

(c) That the Plaintiff receive damages on Counts III- Counts IX in an amount determined by the jury but in no event less than $250,000.00

(d) That the Court award attorney's fees to Plaintiff incurred in bringing this Emergency Temporary Restraining Order against Defendant; and

(e) That the Court order any and all such further relief under law and equity.

Respectfully submitted this **18** day of March, 2011

CATHERINE GIBSON MCCAULEY
Attorney for Plaintiff
Georgia Bar No.141342

**THE GIBSON LAW FIRM, LLC**
1979 Lakeside Parkway, Suite 180
Tucker, GA  30084
(404) 733-6700; fax (404) 733-6007