IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HILDA HANKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:11-cv-1316-TCB |
| IBM LENDER BUSINESS PROCESS ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This case is before the Court on Defendant IBM Lender Business Process Services, Inc.'s motion for judgment on the pleadings [28].  No response to the motion has been filed.

I.   Factual Background

On June 1, 2006, Plaintiff Hilda Hankerson obtained a loan from Chase Bank USA, N.A. in the amount of $157,500.  As security for the loan, Hankerson executed a security deed granting Chase title to her property and a power of sale with respect to the property.  Chase subsequently

assigned the security deed to Federal National Mortgage Association, and IBM became the servicer of the loan.

In September 2009, Hankerson stopped making payments on her loan. On February 1, 2011, Hankerson's property was sold pursuant to the power of sale contained in the security deed.

II.  Procedural History

On March 31, 2011, Hankerson filed her first case against IBM in the Superior Court of Fulton County. In that case, she sought to set aside the foreclosure sale and obtain money damages based on the following claims: (1) wrongful foreclosure; (2) breach of contract; (3) infliction of emotional distress; (4) fraud; (5) negligent misrepresentation; and (6) breach of the implied covenant of good faith and fair dealing. On April 22, 2011, IBM removed Hankerson's first case to this Court. It was docketed as No. 1:11-cv-1316-TCB and will hereinafter be referred to as Hankerson's "wrongful foreclosure case."

On September 30, 2011, Hankerson filed a second case against IBM in the Superior Court of Fulton County, this time seeking to quiet title to the property. On November 3, 2011, IBM removed Hankerson's second case to

this Court. It was docketed as No. 1:11-cv-3795-TCB and will hereinafter be referred to as Hankerson's "quiet title case."

On November 29, 2011, the Court consolidated the two cases. All docketing now occurs under No. 1:11-cv-1316-TCB.

On April 16, 2012, the Court granted IBM summary judgment on the claims in Hankerson's wrongful foreclosure case. IBM now moves for judgment on the pleadings on Hankerson's quiet title claim.

III.   Discussion

    A.   Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). In considering a motion for judgment on the pleadings, the Court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.*

### B. IBM's Arguments

IBM first argues that since it has been granted summary judgment on the claims in Hankerson's wrongful foreclosure case, her quiet title claim is barred by res judicata. The Court disagrees.

"Res judicata comes in two forms: claim preclusion (traditional 'res judicata') and issue preclusion (also known as 'collateral estoppel')." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). In its motion, IBM invokes traditional res judicata or claim preclusion, which "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). However, claim preclusion applies only if "there is a final judgment on the merits." *Id.* In this case, while the Court has granted IBM's motion for summary judgment on Hankerson's wrongful foreclosure claims, it has not entered a final judgment. *See* Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . ."). Therefore, claim-preclusion principles are inapplicable.

Second, IBM argues that Hankerson's quiet title claim fails on the merits because she does not hold current record or prescriptive title to the property. The Court agrees.

4

"In order to bring a quia timet action, the plaintiff 'must assert that he *holds* some current record title or current prescriptive title." *Cunningham v. Gage*, 301 Ga. App. 306, 308, 686 S.E.2d 800, 802 (2009) (quoting *In re Rivermist Homeowners Ass'n*, 244 Ga. 515, 518, 260 S.E.2d 897, 899 (1979)).  In this case, Hankerson transferred her title via the security deed, and she does not allege that title has passed back to her.  Therefore, her quiet title claim cannot succeed.

"[A] security deed passes title to the property in question 'until the debt or debts which the conveyance was made to secure shall be fully paid.'" *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 850, 583 S.E.2d 844, 847 (2003) (quoting O.C.G.A. § 44-14-60).  "[F]ull payment of the secured indebtedness, as a matter of law, passes legal title back to the grantor." *Nw. Carpets, Inc. v. First Nat'l Bank of Chatsworth*, 280 Ga. 535, 537, 630 S.E.2d 407, 409 (2006).  Thus, "[t]he maker of a security deed upon payment or tender of the full amount due is entitled to have it cancelled as a cloud upon his title."  3 DANIEL F. HINKEL, PINDAR'S GEORGIA REAL ESTATE LAW AND PROCEDURE WITH FORMS § 25-19 (2012), *available at* Westlaw GAREALEST.  However, "a plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not

paid the note or tendered payment of the note." *Brown*, 276 Ga. at 850, 583 S.E.2d at 846.

Hankerson does not allege that she paid the note or tendered payment of the note. Therefore, legal title never passed back to her as the grantor of the security deed. Consequently, her quiet title claim fails as a matter of law, and IBM is entitled to judgment on the pleadings.

IV. Conclusion

Defendant IBM Lender Business Process Services, Inc.'s motion for judgment on the pleadings [28] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of IBM and to close the case.

IT IS SO ORDERED this 11th day of June, 2012.

Timothy C. Batten, Sr.
United States District Judge